## GRANITE BANK *versus* ALONZO ELLIS.

It is not essential to the maintenance of an action upon a negotiable promissory note, that the nominal plaintiff should have any interest in the note, if the action is prosecuted with his consent.

If the principal maker of such a note transfer it to one not the payee, for a good consideration, such *bona fide* holder may maintain an action against such maker in the name of the payee, with his consent.

But if the principal sells the note to a third person not the payee, without the express or implied consent of the sureties, they are not liable.

This is an action of assumpsit on a promissory note of which the following is a copy:

$300,00.                                    FEBRUARY 13th, 1856.

For value received, we jointly and severally promise the President, Directors and Company of the Granite Bank to pay them, or their order, three hundred dollars in thirty days.        ALONZO ELLIS,
                                                          STEPHEN SCRUTON,
                                                          J. G. JOHNSON.

On the back of the note is the name of " H. A. Pettengill," and under his name is the word " surety."

It appears that the note was made for Ellis' accommoda-

tion, and Scruton, Johnson and Pettengill were his sureties. Ellis was defaulted the first term, and Scruton, Johnson and Pettengill defend. Said note was presented to the bank on the day of its date for discount by Ellis, which the bank declined. It was then presented by said Ellis to Samuel S. Brooks, who discounted it, and paid Ellis therefor the sum of two hundred and ninety-two dollars in cash. Before the note matured Ellis absconded, without leaving property to · pay the note.

By vote of the directors of the bank, being called together for that purpose, said Brooks was authorized to use the name of the bank to collect said note, in any suit which it might be necessary for him to bring to enforce the collection thereof, and this action is now brought in the name of the bank by said Brooks for his own benefit.

*J. W. North,* counsel for plaintiff.

*John H. Webster,* counsel for Scruton, Johnson and Pettengill.

DAVIS, J. In this action Ellis has been defaulted. The other defendants were sureties for him upon the note in suit, which was made payable to the order of the Granite Bank. The directors of the Bank declining to take it, Ellis sold it to Samuel S. Brooks. The note being unpaid at maturity, Brooks · sued the principal and the sureties upon it in the name of the bank—having first obtained authority for that purpose. Can the action be sustained against the sureties ?

It is not essential to the maintenance of an action upon a negotiable promissory note that the nominal plaintiff should have any interest in the note, if the action is prosecuted with 'his consent. Marr v. Plummer, 3 Greenl., 73 ; Golder v. Foss, 43 Maine R:, 364.

. If the principal maker of such a note transfer it to one not the payee, for a good consideration, such *bona fide* holder may maintain an action against such maker, in the name of

Granite Bank *v.* Ellis.

the payee, with his consent. Lime Rock Bank v. Macomber, 29 Maine R., 564. Such is clearly the law applicable to the principal. Does the same rule apply to the sureties? Will the transfer of the note by the principal to a third person, not the payee named in the note, without the consent of the sureties, discharge them?

In several of the states it has been held that if the payee named in the note declines to take it, the principal may sell it to a third person, and that the sureties, or accommodation parties, are not thereby discharged. Bank of Natchez v. Claibourne, 5 Howard, Miss. R., 301; Bank of Chenango v. Hyde, 4 Cow., 567; Elliott v. Abbott, 12 N. H., 549; Hunt v. Aldrich, 7 Foster, 31.

In other states it has been held that if the principal sells the note to one not the payee, without the consent of the sureties, the holder cannot maintain an action upon it against them. Clinton Bank v. Ayer, 16 Ohio, 282; Adams Bank v. Jones, 16 Pick., 574.

In the only case in this state where such an action has been sustained against the sureties, the question was submitted to the jury, who found that the sureties consented that the principal might throw the note into the market to raise money upon it. Starrett v. Barber, 20 Maine R., 456.

On the whole, we believe the better opinion to be, that, if the principal sells the note to a third person not the payee, without the express or implied consent of the sureties, they are not liable upon it. There is no valid contract until the note is delivered. And if the principal deliver the note to one not the payee, without the authority of the sureties, they are not bound by it. There is no privity of contract between them and such person. They may well say, "*non haec in foedera.*" It is not the contract which they proposed to make, and to which alone they assented.

There are no facts reported in this case from which we can infer that the sureties consented that Ellis should sell the note to Brooks.

*Plaintiff Nonsuit.*